IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATCH CURVE, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06-CV-0161 |
| ) | Judge Clarence Cooper |
| INTEGRATED GLOBAL CONCEPTS, ) | |
| INC. AND MEIXLER ) | |
| TECHNOLOGIES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR RELIEF FROM PRETRIAL PROCEDURES

Integrated Global Concepts, Inc. ("*IGC*") and Meixler Technologies, Inc. ("*MTI*") (collectively "*Defendants*"), respectfully submit their Memorandum of Law in Support of Their Joint Motion for Relief From Pretrial Procedures. Defendants have filed their Certificate of Interested Parties, pursuant to Local Rule 3.3, in order for the Court to evaluate possible disqualification or recusal. However, given the circumstances of this case, Defendants ask the court for relief from providing the remaining initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.1, as well as the discovery planning and pre-trial scheduling requirements under Local Rules 16.1, 16.2, and 16.4. Defendants also request that the Court defer the commencement of the discovery

period until such time as the Court rules upon Defendants' respective motions to dismiss and issues an order commencing discovery.

## STATEMENT OF FACTS

Defendants filed their Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Transfer to the Northern District of Illinois on April 12, 2006. Defendants' Motion to Dismiss presents overwhelming evidence that this Court lacks personal jurisdiction over Defendants. Plaintiff is a Delaware corporation and is not authorized to transact business in Georgia. Defendants IGC and MTI are incorporated, and operate exclusively, in Illinois and Pennsylvania, respectively. Defendants are small companies, each maintaining only one office, where all their business activities, such as operating software and hardware for performing its services, occur. Thus, even if Defendants had infringed on Plaintiff's patent rights as alleged, which they did not, any purported harm would have occurred in Illinois or Pennsylvania, not Georgia. The facts clearly show that Defendants should not be subject to Georgia jurisdiction and the case should either be dismissed or transferred to Illinois.

## ARGUMENT AND AUTHORITY

Plaintiffs have filed this meritless action to harass Defendants, in hopes of extorting a nuisance fee from Defendants to avoid the costs of litigating this

matter. As such, Plaintiffs have deliberately chosen an inconvenient forum to drive Defendants' cost and fees upward. However, Georgia is not merely an inconvenient forum, it is an inappropriate forum. Defendants do not have sufficient contacts necessary to satisfy the Long Arm Statute or the Constitutional jurisdictional standards, prompting Defendants to move for dismissal or transfer.

In this Motion and in Defendants' Motion to Dismiss, Defendants present a compelling case for the Court to defer initial disclosures and stay discovery. It is well-established that this Court has broad discretion in setting limits of discovery and its decisions will not be reversed unless clearly erroneous principle of law is applied or no evidence rationally supports its decision. *See Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991); *Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir. 1993). The Eleventh Circuit has emphasized a district court's duty to take an active role in managing the cases on its docket, which may include considering and ruling on pretrial motions before commencing discovery. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).[1] The

---

[1] The *Chudasama* Court points out that resolution of a pretrial motion that turns on findings of fact, such as a motion to dismiss for personal jurisdiction, may require some limited discovery before a meaningful ruling can be made. *See Chudasama*, 123 F.3d at 1367. While Defendants believe that the existing record contains all the relevant facts needed to reach a decision on jurisdiction, Defendants would not oppose discovery that is specifically limited to the jurisdictional issue, should the Court find it necessary.

Court of Appeals has specifically noted that, although mechanisms for effective discovery are essential to the fairness of our judicial system, they carry significant burdens. *See id.* at 1367 (internal cits. omitted). These burdens include the time spent searching for and compiling relevant documents, the time, expense, and aggravation of preparing for and attending depositions, the costs of copying and shipping documents, and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. *See id.* The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. *See id.* Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. *See id.* Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes. *See id.*

But if the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. *See id.* at 1368. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery

and, if the court ultimately dismisses the claim, imposes unnecessary costs. *See id.* (stating, "For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.") Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system. *See id.* Given the obvious jurisdictional impediments in this case, Defendants do not want to waste the Court's time and resources by beginning the discovery process in a case which is likely to be dismissed or transferred.[2]

As Defendants set forth in more detail in their Motion to Dismiss, there is no basis for jurisdiction over Defendants in Georgia. Until that threshold issue is decided, it is oppressive to require the Defendants to incur the double expense of having their regular counsel, counsel familiar with their business and operations, <u>and</u> local counsel participate in erecting a framework for litigation which may not, indeed should not, even proceed in this jurisdiction. The rules of the forum where the case ultimately will be heard should control pretrial procedures, and until that

---

[2] Defendants have filed their Certificate of Interested Parties, pursuant to Local Rule 3.3, in order for the Court to evaluate possible disqualification or recusal.

forum is determined, it is wasteful wheel spinning to hold conferences and develop planning and scheduling orders which may have to be redone to conform to Illinois practice.

Under these circumstances, it would be an unnecessary burden on this Court and the parties to engage in the process of initial disclosures and discovery, only to have the case subsequently dismissed or transferred. In the event the Motion to Dismiss is denied, there will be no harm or prejudice to Plaintiffs. The parties can, at that time, exchange initial disclosures and, upon the Court's order, commence discovery.

## CONCLUSION

Given the tremendous support for a dismissal or transfer of this action, Defendants respectfully request that the Court exercise its broad discretion and grant Defendants relief from providing the remaining initial disclosures under Rule 26(a)(1) and Local Rule 26.1, as well as the discovery planning and pre-trial scheduling requirements under Local Rules 16.1, 16.2, and 16.4, until such time as their motion to dismiss is ruled upon. Defendants also request a deferral of the commencement of the discovery period under Local Rule 26.2 until such time as the motions to dismiss are ruled upon.

HOLLAND & KNIGHT LLP

/s/ Kelli S. Lott
Gregory J. Digel
Georgia Bar No. 221750
Kelli S. Lott
Georgia Bar No. 141263

2000 One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 817-8500; (404) 881-0470 Fax

Of Counsel:
Robert J. Schneider, ARDC #2499223
James P. Sullivan, ARDC # 6256746
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603-4080
(312) 845-3919; (312) 701-2361 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CATCH CURVE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:06-CV-0161 |
| v. | ) | Judge Clarence Cooper |
| | ) | |
| INTEGRATED GLOBAL CONCEPTS, INC. AND MEIXLER TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that this brief complies with the font and point selections approved by the Court in Local Rule 5.1B. This brief has been prepared in Times New Roman font, 14 point.

HOLLAND & KNIGHT LLP

/s/ Kelli S. Lott
Kelli S. Lott

8

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing **Memorandum of Law in Support of Defendants' Joint Motion for Relief From Pretrial Procedures** was filed electronically with the Clerk of Court using the CM/ECF system, with copies being sent electronically to:

>Dan Robert Gresham
>Dan.Gresham@tkhr.com
>
>Scott A. Horstemeyer
>scott.horstemeyer@tkhr.com

This 1st day of May, 2006.

>HOLLAND & KNIGHT LLP
>
>/s/ Kelli S. Lott
>Gregory J. Digel
>Georgia Bar No. 221750
>Kelli S. Lott
>Georgia Bar No. 141263

1201 West Peachtree Street, N.E.
Suite 2000, One Atlantic Center
Atlanta, Georgia  30309-3400
(404) 817-8500
(404) 881-0470 (Facsimile)

# 3747028_v1