## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CATCH CURVE, INC.,            )
                                         )
         Plaintiff,           )      Civil Action
                                         )      File No. 1:06-CV-0161-CC
v.                                    )
                                         )
INTEGRATED GLOBAL        )
CONCEPTS, INC. and          )      **JURY TRIAL DEMANDED**
MEIXLER TECHNOLOGIES, INC.,   )
                                         )
         Defendants.       )
_____ )

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Note: This Joint Preliminary Report and Discovery Plan is submitted pursuant to the Court's Order of July 19, 2006.  The undersigned attorneys for the parties have set forth in this document the respective statements and positions of Plaintiff and of Defendants pursuant to the Court's instructions.  The signatures of the attorneys shall not be construed as acceptance of or agreement with the statements and positions of any opposing party.  Defendants are filing this report with the express reservation that they are not submitting to the jurisdiction of this Court, having previously filed a motion to dismiss or transfer for lack of jurisdiction.

1.  **Description of Case:**

     **(a)**     **Describe briefly the nature of this action.**

     By Plaintiff:

     Plaintiff's complaint is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  As of this filing,

Defendants have not filed an answer and affirmative defenses and have not yet asserted any counterclaim or third party claims.  If and when any counterclaim and/or third party claims are asserted, Plaintiff will respond appropriately in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court, or as otherwise ordered by this Court.

By Defendants:

The complaint alleges a cause of action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

As of this filing, Defendants have not filed an answer, affirmative defenses and have not yet asserted any counterclaims, cross claims or third party claims.

Defendants will file an answer, affirmative defenses and a nine count counterclaim/third party claim against the Plaintiff and the other parties identified in Section 5, below, in this Court, if their pending Motion to Dismiss or transfer is not granted.

Count I of Defendants' counterclaim will be an action for patent invalidity, unenforceability and non-infringement under the laws of the United States, Title 35 United States Code; and that this case be declared exceptional under 35 U.S.C. § 285.

Count II of Defendant's Counterclaim will be an action for an inequitable conduct and prosecution laches arising under the patent laws of the United States,

Title 35, United States Code; and that this case be declared exceptional under 35 U.S.C. § 285.

Count III of Defendant's Counterclaim will be an action for restraint of trade arising under the Antitrust Laws of the United States, Title 15 United States Code § 1.

Count IV of Defendants' Counterclaim will be an action for monopolization or attempted monopolization arising under the Antitrust Laws of the United States, Title 15 United States Code § 2.

Count V of Defendants' Counterclaim will be an action for violation of the Racketeering Influenced Corruption Act (RICO) by Plaintiff and named Counter-defendants by virtue of damages to Defendant-Counterplaintiffs, IGC and MTI arising under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961, *et seq.*

Count VI of Defendants' Counterclaim will be an action for unfair competition arising under the laws of the United States and the appropriate state law.

Count VII of Defendants' Counterclaim will be an action for unfair and deceptive trade practices in violation of the appropriate State Unfair Trade Practices Act (Georgia or Illinois).

The facts supporting the above causes of action are partially set forth in detail in the Antitrust Complaint filed on June 21, 2006, by Venali, Inc. against j2 Global Communications, Inc. and Catch Curve, Inc. in the United States District Court for the Southern District of Florida, Case No. 60 CV 21585.

Defendants also intend to file at least two cross claims or third party claims for fraud, breach of contract, breach of warranty, breach of fiduciary duty and for indemnification.

Count I of the Third Party Complaint (Count VIII) will be an action for fraud, breach of warranty, breach of contract and indemnification against plaintiff's parent, j2 Global Communications, Inc.

Count II of the Third Party Complaint (Count IX) will be an action for breach of warranty and indemnification against third party suppliers of the accused products.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

<u>By Plaintiff</u>**:**

This is a patent infringement lawsuit involving United States Patent No. 4,994,926 ("the '926 patent"); United States Patent No. 5,291,302 ("the '302 patent"); United States Patent No. 5,459,584 ("the '584 patent"); United States

Patent No. 6,643,034 ("the '034 patent"); and United States Patent No. 6,785,021 ("the '021 patent"), collectively referred to herein as the "patents-in-suit," and includes claims for willful infringement of the patents-in-suit.

Defendants have in the past and continue to make, have made, offer for sale, sell, and/or use one or more products, services, and/or processes that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of each of the patents-in-suit in violation of 35 U.S.C. § 271, including, but not necessarily limited to, Defendants' services provided under the service marks MaxEmail and GreenFax.

Plaintiff informed Defendant IGC of the '926 patent, the '302 patent, and the '584 patent and the activity that is believed to be an infringement of the '926 patent, the '302 patent, and the '584 patent, accompanied by a proposal to abate the infringement by license, at least as early as February 19, 2003. Plaintiff informed Defendant IGC of the '034 patent and the activity that is believed to be an infringement of the '034 patent, accompanied by a proposal to abate the infringement by license, at least as early as November 20, 2003. Plaintiff informed Defendant IGC of the '021 patent and the activity that is believed to be an infringement of the '021 patent, accompanied by a proposal to abate the infringement by license, at least as early as June 16, 2005.

Plaintiff informed Defendant Meixler of the '926 patent, the '302 patent, the '584 patent, the '034 patent, and the '021 patent and the activity that is believed to infringe those patents, accompanied by a proposal to abate the infringement by license, at least as early as December 6, 2005.

Both before and after the suit was filed, Plaintiff has attempted to resolve this matter by licensing the patents-in-suit to Defendants.  Plaintiff provided Defendant with detailed representative claim charts illustrating Defendants' infringement of the patents-in-suit on March 15, 2006.

Plaintiff seeks injunctive relief, damages, prejudgment interest, attorneys' fees, expenses of litigation, and costs.  Plaintiff also seeks an award of treble damages based on Plaintiff's allegations that Defendants' infringement has been knowing and willful.

Plaintiff specifically objects to the summary of contentions set forth in Defendants' proposed portion of this Report as being unduly argumentative in violation of the Court's instructions and on the ground that Defendants' summary includes bad faith allegations concerning Plaintiff and non-parties to this action that are outside the scope of the pleadings in this matter since Defendants have not filed an answer and affirmative defenses and have not asserted any counterclaim or third party claims.

Plaintiff specifically denies Defendants' allegations of wrongdoing by Plaintiff and the non-parties listed in Defendants' contentions. Plaintiff objects to Defendants' allegations and arguments, which Plaintiff contends are spurious and without merit and include improper pejorative terms, being included in this publicly filed document. Plaintiff contends that Defendants' allegations and arguments are an inappropriate attempt to coerce Plaintiff to accept Defendants' token settlement offer and a blatant attempt to mislead the Court as to the scope of the case in order to improperly influence the Court's decisions on the issues of personal jurisdiction and discovery, as well as an improper attempt to disparage Plaintiff and others in a publicly filed document based on spurious and meritless allegations and improper pejorative terms and characterizations. Plaintiff reserves the right to assert additional claims, including but not limited to claims for abusive litigation and or Rule 11 sanctions, and to file any motions or other pleadings as may be warranted in view of any actual counterclaims and/or third party claims that may be pleaded by Defendants.

By Defendants:

The complaint alleges infringement by the Defendants of United States Patent No. 4,994,926 ("the '926 patent"); United States Patent No. 5,291,302 ("the '302 patent"); United States Patent No. 5,459,584 ("the '584 patent"); United

States Patent No. 6,643,034 ("the '034 patent"); and United States Patent No. 6,785,021 ("the '021 patent"), collectively referred to herein as the "patents-in-suit."

Neither Defendant IGC nor MIT is now nor has in the past infringed any of the claims of any of the patents-in-suit.

Neither Defendant was ever notified of any alleged infringement of the patents-in-suit prior to the filing of the Complaint.

Defendants contend that the Plaintiff ignored repeated requests by Defendants for specificity or an identification of any claims of the patents-in-suit that the Plaintiff believed were or are being infringed by either of the Defendants. Defendants have provided Plaintiff with copies of prior art that invalidate each and every claim of the patents-in-suit and Plaintiff did not respond to these proofs nor submit them to the USPTO in pending patent applications. Plaintiff subsequently filed a complaint in this action without ever informing either Defendant of any claims of the patents-in-suit that it believed were being infringed.

Each of the patents-in-suit is invalid, *inter alia*, for one or more of the following reasons:

a.      failure to comply with 35 U.S.C. § 101 in that the inventors did not invent or discover any new and useful process, machine or manufacture, or any new and useful improvement thereof;

b.      failure to comply with 35 U.S.C. § 102 in that the subject matter claimed in the patents-in-suit is not novel and was not invented by the named inventors;

c.      failure to comply with 35 U.S.C. § 103 in that the subject matter claimed in the patents-in-suit would have been obvious to one of ordinary skill in the art at the time the alleged inventions were made;

d.      failure to comply with 35 U.S.C. § 112 in that the specifications of the patents-in-suit are not enabling and/or do not provide an adequate written description of the claims or inventions as the Plaintiff would now construe them, in that the claims are fatally vague and indefinite.

Each of the patents-in-suit is unenforceable because they were obtained through fraud and/or inequitable conduct on the U.S. Patent and Trademark Office by failing to cite material prior art known to the alleged inventors or applicants during the pendency of the applications and other acts in violation of applicants' duty of candor and for prosecution laches during the prosecution of the applications which resulted in the patents-in-suit.   Additionally, the Plaintiff

continues to prosecute  ongoing patent applications and has refused to cite to the United States Patent Office highly relevant and material prior art which the Defendants in this case and other cases have brought to their attention.  This prior art would invalidate all of the claims of the patents-in-suit and that the ongoing inequitable conduct infects all of the previously issued patents.

Defendants contend that the fraud and/or inequitable conduct stated above renders all of the patents-in-suit unenforceable.

Defendants contend that each of the patents-in-suit is invalid and/or unenforceable for double patenting.

Defendants contend that Plaintiffs are equitably estopped and/or barred by prosecution laches from now asserting the patents-in-suit or any of them against the Defendants because of the excessive delays caused in the prosecutions of the applications leading to the patents-in-suit and the enforcement of the patents-in-suit.

Defendants contend that each of the patents-in-suit is unenforceable by reason of the Doctrines of "Patent Misuse" and "Unclean Hands" arising from the Plaintiff's pattern of abuse and misuse of the United States Patent system, by obtaining and attempting to enforce patent claims on presently existing technology

in the public domain belonging to or developed by others and using and employing abusive and coercive strategies to intimidate parties to pay royalties to the Plaintiff.

The Plaintiff and the Counterclaim Defendants have entered into a contract, combination or conspiracy among two or more independent entities that unreasonably restrains trade and affects interstate and foreign commerce in violation of § 1 of the Sherman Act.

The Plaintiff and the Counter-Defendants have engaged in sham and abusive litigation with a specific intent to monopolize and presently have monopoly power in the relevant market.  Defendants further contend that the Plaintiff and the anticipated Counterdefendants have obtained monopoly power in the relevant market through acts of exclusionary conduct.

Defendants contend that the Plaintiff and Counterdefendants are entities or individuals capable of holding a legal or beneficial interest in property and, as such, constitute "persons" within the meaning of 18 U.S.C. § 1961(3) and that the Plaintiff and Counterdefendants and others unknown have conducted and are conducting an enterprise consisting of an association in fact for the purpose of procuring and exploiting the invalid, unenforceable and non-infringed patents-in-suit (the "Trolling Enterprise"); that the continuing unit formed by these parties constitutes a RICO enterprise within the meaning of 18 U.S.C. § 1961(4) which is

engaged in, or the activities of which affect interstate commerce and that the Plaintiff and the Counterdefendants have conducted the affairs of the Trolling Enterprise directly or indirectly through a continuing pattern of racketeering activity and through the repeated and continuous use of the U.S. mail and the use of interstate wires in furtherance of their scheme to fraudulently obtain the issuance of patents and to illegally and wrongfully obtain payment of money through the exploitation and misuse of the patents knowingly obtained through fraud, inequitable and unlawful conduct, and by asserting the patents-in-suit against Defendants, at all times, knowing that the Defendants are not infringing any valid claims of the patents-in-suit.

Each of the acts of racketeering by the Plaintiff and Counterdefendants is related, continuous, and part of a pattern of conduct pertaining to multiple invalid, unenforceable and non-infringed patents and directed to multiple victims in other litigation, including, but not limited to the Defendants, and continuing over a substantial period of time exceeding 5 years.

The Plaintiff and Counterdefendants have engaged in acts of unfair competition under both federal and state unfair competition statutes.

The Plaintiff and Counterdefendants have violated O.C.G.A. § 10-1-372 and the Illinois Unfair or Deceptive Trade Practices Act by falsely asserting that the

activities of the Defendants infringe the patents-in-suit, and by making other disparaging remarks and false and misleading representations.

The Counterdefendant and Third Party Defendant, j2 Global Communications, Inc., Inc. entered into a Software License Agreement with Defendant, Integrated Global Concepts (IGC), whereby it warranted that the activities of IGC, now being accused of infringement, did not infringe the patents-in-suit.   At the time of the warranty grant, Counterdefendant, j2 Global Communications, Inc., was aware of the patents-in-suit and had even asserted in other litigation in which it had been charged with infringement, that all of the patents-in-suit were invalid, unenforceable, and had been obtained by fraud on the Patent Office.  Since j2 Global Communications, Inc. was aware of the patents-in-suit, at the time the Agreement was made, it has breached its warranty.

Now that Counterdefendant j2 Global Communications has purchased the invalid patents through its wholly-owned subsidiary, Catch Curve, Inc., it is illegally attempting to enforce the invalid patents through this subsidiary.  Catch Curve, Inc., is incorporated in the State of Delaware but was set up in this district for no purpose other than to attempt to select a jurisdiction far from Defendants' places of business to increase the Defendants' costs in defending the suit.  The

Defendants' pending Motion to Dismiss has demonstrated that jurisdiction is not proper in this district.

One of the anticipated Third Party Defendants is Cantata Technology, Inc., the manufacturer of the "Brooktrout Boards" used by the IGC to process facsimile data. Defendants contend that the Brooktrout Boards, computer hardware, in combination with Cantata's instructions for use in transmitting and receiving facsimile data are used by the IGC precisely in the manner taught by the Cantata instructions. In 1999, Jetfax and eFax, predecessors to Counterdefendant j2 Global Communications, Inc., ordered additional Brooktrout Boards and had them delivered to IGC to enable IGC to process facsimile data for eFax customers. Cantata has provided the IGC with a warranty that these systems do not infringe any patents; therefore, any infringement or liability is the responsibility of third party defendant Cantata.

Defendants will seek injunctive relief and damages, prejudgment interest, expenses of litigation, including costs and attorneys' fees and treble damages.

Defendants object to the Plaintiff's argumentative and false statements in the last two paragraphs of Plaintiff's section above as not being proper for this report.

    **(c)     The legal issues to be tried are as follows:**

By Plaintiff:

1.      Whether Defendants have infringed and continue to infringe any claim of the patents-in-suit.

2.      The proper amount of damages to be awarded to Plaintiff due to Defendants' infringement of one or more claims of the patents-in-suit.

3.      Whether Defendants' infringement of one or more claims of the patents-in-suit has been willful.

4.      Whether Plaintiff is entitled to treble damages due to Defendants' willful infringement of one or more claims of the patents-in-suit.

5.      Whether this is an exceptional case under 35 U.S.C. § 285.

6.      Whether Plaintiff should be awarded its attorneys' fees and costs of this action.

7.      Whether Defendants should be permanently enjoined from infringing the patents-in-suit.

8.      If Defendants bring counterclaims and/or third party claims as threatened in Defendants' portion of this document, Plaintiff believes that additional issues to be tried will include, but not necessarily be limited to, whether Defendants have committed abuse of process, engaged in abusive litigation, and/or violated Fed. R. Civ. P. 11 by asserting such claims.

<u>By Defendants</u>:

1.      Whether the patents-in-suit and all of the claims are invalid.

2.      Whether the patents-in-suit are unenforceable.

3.      Whether Plaintiff has committed inequitable conduct.

4.      Whether the Doctrine of Prosecution Laches precludes enforcement of any of the patents-in-suit.

5.      Whether the Plaintiff or any counter-defendants have violated the Antitrust Laws of the United States, Title 15 U.S.C. § 1.

6.      Whether the Plaintiff or any Counter-Defendants have violated the Antitrust Laws of the United States, Title 15 U.S.C. § 2.

7.      Whether the Plaintiff or Counter-Defendants have violated the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961, *et seq.*

8.      Whether the Plaintiffs or Counter-Defendants have committed any acts of unfair competition in violation of Federal or State law.

9.      Whether Plaintiff and Counter-Defendants have committed unfair trade practices in violation of the Unfair or Deceptive Trade Practices Act.

10.     Whether Plaintiff or Counter-Defendants have committed any acts in violation of the Consumer Protection Act.

11.     Whether j2 Global Communications, Inc. is liable for breach of contract and breach of warranty and is obligated to indemnify the Defendants for any liability and costs with respect to this litigation.

12.     Whether Cantata has breached its warranty and is required to indemnify the Defendants for any liability and costs with respect to this litigation.

13.     Whether Defendants are entitled to treble damages under 35 U.S.C. § 285.

14.     Whether Defendants are entitled to treble damages for Plaintiff's and Counter-Defendants' antitrust violations.

15.     Whether Defendants are entitled to treble damages for the Plaintiff's and Counter-Defendants' violation of RICO.

16.     Whether Defendants should be awarded their attorneys' fees and costs of this action.

17.     Whether Plaintiffs and Counter-Defendants should be permanently enjoined from continuing any of the activities alleged in Defendants' counterclaims.

   **(d)     The cases listed below (include both style and action number) are:**

   **(1)  Pending Related Cases:**

Catch Curve, Inc. v. GoDaddy.Com, Inc., Case No. 1:06-cv-1645-CC

Catch Curve, Inc. v. Topcall Corporation, Case No. 1:06-cv-1255-CC

**(2)  Prior Related Cases:**

<u>Catch Curve, Inc. v. Biscom, Inc.</u>, Case No. 1:05-cv-2663-CC

<u>Catch Curve, Inc. v. Callware Tech., Inc.</u>, Case No. 1:05-cv-2288-CC

<u>Catch Curve, Inc. v. Esker S.A. and Esker, Inc.</u>, Case No. 1:06-cv-0753-CC

<u>Catch Curve, Inc. v. Open Text Corporation</u>, Case No. 1:05-cv-3167-CC

<u>Catch Curve, Inc. v. Smith Micro Software, Inc.</u>, Case No. 1:05-3125-CC

<u>Catch Curve, Inc. v. uReach Technologies, Inc.</u>, Case No. 1:05-cv-2580-CC

**2.     This case is complex because it possesses one (1) or more of the features listed below (please check):**

<u>By Plaintiff</u>**:**

Plaintiff does not believe that this case is complex in view of the Local Rules of Practice for Patent Cases before this Court.  Plaintiff believes that this is a straightforward action for patent infringement and that Defendants are misrepresenting this action as being more complex than it is by threatening to add multiple parties and threatening to assert multiple spurious and meritless counterclaims and third-party claims.

<u>By Defendants</u>:

Defendant believes that this case is complex because it possesses the features marked below:

  X  (1) Unusually large number of parties

  X  (2) Unusually large number of claims or defenses

  X  (3) Factual issues are exceptionally complex

  X  (4) Greater than normal volume of evidence

  X  (5) Extended discovery period is needed

  X  (6) Problems locating or preserving evidence

      (7) Pending parallel investigations or action by government

  X  (8) Multiple use of experts

  X  (9) Need for discovery outside United States boundaries

  X  (10) Existence of highly technical issues and proof

**3.     Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the Plaintiff:**

Plaintiff:     Dan R. Gresham
**Thomas, Kayden, Horstemeyer & Risley, L.L.P.**
100 Galleria Parkway, NW
Suite 1750
Atlanta, Georgia 30339-5948
Telephone (770) 933-9500
Facsimile (770) 951-0933
dan.gresham@tkhr.com

Defendant:   Gregory J. Digel
**Holland & Knight LLP**
1201 West Peachtree Street, N.E.
Suite 2000, One Atlantic Center
Atlanta, Georgia  30309-3400
Telephone:  (404) 817-8500
Facsimile:   (404) 881-0470
greg.digel@hklaw.com

**4.     Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

**  X  Yes ___ No**

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.**

Defendants contend that they are not subject to personal jurisdiction in this Court.  Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Transfer the Case to the Northern District of Illinois, which Plaintiff has opposed, is currently pending.

**5.     Parties to This Action:**

**(a)     The following persons are necessary parties who have not been joined:**

By Plaintiff:

Plaintiff believes that the proper parties have been named and that Defendants' listing of fourteen (14) additional entities and persons as necessary parties is incorrect and made in bad faith.  However, if Defendants actually assert any of the threatened defenses, counterclaims, or third party claims asserted in their portion of this document, and any such claims are not dismissed, such as under Fed. R. Civ. P. 11 and/or 12(b)(6), Plaintiff reserves the right to add any parties and/or claims that might be necessary or appropriate in view of such pleadings, including but not limited to relevant principals and employees of both Defendants.

By Defendants:

Defendants will add the following parties with its counterclaims, cross-claims and third party claims.

1.     j2 Global Communications, Inc.
       Hollywood Boulevard, 8th Floor
       Los Angeles, California  90028

2.     Richard Ressler
       j2 Global Communications, Inc.
       Hollywood Boulevard, 8th Floor
       Los Angeles, California  90028

3.      Michael William McLaughlin
        Catch Curve
        The Biltmore, Suite 205
        817 West Peachtree Street, NW.
        Atlanta, Georgia  30308

4.      IP Investments
        The Biltmore, Suite 205
        817 West Peachtree Street, NW.
        Atlanta, Georgia  30308

5.      Ryan Strong
        IPAC, LLC
        1180 W. Peachtree St., NE, #2400
        Atlanta, Georgia  30309

6.      AudioFax IP LLC
        P.O. Box 2945
        Ponta Vedra, Florida  32004

7.      Mark Bloomfield
        P.O. Box 2945
        Ponta Vedra, Florida  32004

8.      Nehemia Zucker
        j2 Global Communications, Inc.
        Hollywood Boulevard, 8th Floor
        Los Angeles, California  90028

9.      Jeff Adelman
        j2 Global Communications, Inc.
        Hollywood Boulevard, 8th Floor
        Los Angeles, California  90028

10.     Steven J. Hamerslag
        2010 Main Street, Suite 600
        Irvine, California  92614

11.    Nicholas V. Morosoft
       j2 Global Communications, Inc.
       Hollywood Boulevard, 8th Floor
       Los Angeles, California  90028

12.    Intecap, Inc. (now, CRA International)
       Atlantic Center Plaza, Suite 2400
       1180 West Peachtree Street, NE
       Atlanta, Georgia  30309

13.    IPAC, LLC
       1180 W. Peachtree St., NE, #2400
       Atlanta, Georgia  30309

14.    Cantata Technology, Inc.
       410 First Avenue
       Needham, Massachusetts  20249

**(b)    The following persons are improperly joined as parties:**  None

**(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**  None

**(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of FED. R. CIV. P. 15.   Further instructions regarding amendments are contained in LR 15.**

**(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:**

By Plaintiff:

Plaintiff does not, at this time, anticipate making any amendments to the pleadings; however, Plaintiff reserves the right to amend the pleadings to the extent that it deems necessary in view of the answer and any counterclaims, if any, that may be filed by Defendants and/or in view of discovery and/or other unforeseen developments, subject to the requirements of the Federal Rules and/or the Local Rules of this Court regarding any such amendments.

By Defendants:

Defendants have not filed their Answer, Affirmative Defenses, Counterclaims, cross claims, and Third Party Claims at this time.  When the issue of jurisdiction is decided, Defendants will file their Answer, Affirmative Defenses, Counterclaims, cross claims and Third Party Claims in this or the transferee Court. Defendants further reserve the right to amend the pleadings to the extent that it is

necessary in view of any reply to the counterclaims or third party claims that may be filed/or in view of discovery and/or other foreseen developments.

**(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times for Motions:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b) *Summary Judgment Motions*: within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> **motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with FED. R. CIV. P. 26.   If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

<u>By Plaintiff</u>:

Plaintiff served its initial disclosures on May 15, 2006.   Pursuant to the Court's Order of May 31, 2006, Defendants have been ordered to serve their initial disclosures on or before June 30, 2006.

Plaintiff contends that its initial disclosures fully complied with the requirements of Local Rule 26.1 and the Defendants do not disagree.   Pursuant to Local Rule 26.2 and the Court's Order of May 31, 2006, both parties agree that the discovery period does not open until 30 days after the Defendants' Answer is filed.

In view of the fact that Defendants have refused to make more than a token settlement offer, Defendants' bad faith in threatening to file counterclaims and third-party claims that Plaintiff views as being spurious and without merit, and Plaintiff's confidentiality obligations to non-party licensees under the patents-in-

suit, Plaintiff disagrees with Defendants' contention that production of its confidential license agreements at this time will facilitate settlement discussions. Plaintiff believes, instead, that Defendants' request is part and parcel of Defendants' bad faith attempt to manipulate the discovery process to its benefit and Plaintiff's detriment.  For these reasons, Plaintiff has declined Defendants' request to provide Defendants with copies of the patent license agreements prior to the opening of the discovery period.  Plaintiff believes that document production in this matter should take place according to the requirements of the Federal Rules of Civil Procedure and the Local Rules, and Plaintiff has not authorized its counsel to make any voluntary disclosures outside this Court's normal discovery procedures.

<u>By Defendants</u>:

Defendants served their initial disclosures on June 30, 2006 subject to their express reservation based upon their pending Motion to Dismiss or Transfer.

Defendants have asked the Plaintiff to substantially amplify the disclosures in its previously-filed initial disclosure.  Defendants have made several good faith settlement offers and believe that settlement discussions can be expedited if Plaintiff cooperates.  In particular, settlement discussions will be facilitated if Plaintiff provides the Defendants, including its principals, with a copy of the License Agreements with 3Com Corporation, AT&T Corp., Bazillion, Inc., Boston

Technology, Inc., Cable & Wireless USA, Inc., Captaris, Inc. Cisco Systems, Inc., Delrina Corporation, Digital Sound Corporation, FaxNet Corporation, FaxSav, Inc., EasyLink Services, Intervoice, Inc., j2 Global Communications, Inc., MCI Telecommunications Corporation, Mitel Corporation, NetCentric Corporation, Northern Telecom, Inc., Omtool, Ltd., Open Port Technology, Inc., Premier Technologies, Inc. and Premiere Communications, Inc., SmarTalk Teleservices, Inc., Sprint Communications, Inc., VoiceCom Systems, Inc., Xpedite Systems, Inc., Biscom, Inc., ESKER, Inc., and any other license agreements.

Plaintiff's counsel had agreed at the Rule 26(F) conference to provide Defendants with a copy of the Esker, Inc. License Agreement if Esker, Inc. consented to its disclosure. Defendants have obtained an express waiver of any confidentiality requirement for this License Agreement from ESKER, Inc. and have informed the Plaintiff of this waiver. However, Plaintiff's counsel has now refused to provide the agreement.

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

By Plaintiff:

In view of the fundamental differences in the parties' respective views of the nature and scope of the case, as reflected in the Plaintiff's and Defendants' respective portions of this Joint Preliminary Report and Discovery Plan, Plaintiff believes that an early scheduling conference after the Defendants' answer, affirmative defenses, counterclaims and/or third party claims are filed is essential for the Court to offer its guidance on the nature and scope of the claims at issue and the proper scope of discovery and the conduct of the parties and their counsel in accordance with this Court's Local Rules and the expectancy of a speedy, fair and efficient resolution of the parties' dispute.

By Defendants:

The Defendants do not request a scheduling conference at this time. However, if the Court decides to schedule a conference with the current parties and their counsel, the principals from each of the parties identified in Section 5 above should also be required to attend and participate to fully resolve the counterclaims, cross claims and third party claims set forth in 1(c) above.

**10.    Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A,**

responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.

A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

This case has been assigned an eight (8)-month discovery period.

**Please state below the subjects on which discovery may be needed:**

<u>By Plaintiff</u>:

Plaintiff states that discovery will be needed on the subject of patent infringement, willful infringement, and damages.  Since Defendants have not answered the Complaint or filed any counterclaim or third party claim, Plaintiff does not believe that the issues listed in Defendants' portion of this document are properly subjects of discovery at this time.  Plaintiff reserves the right to list additional subjects on which discovery may be needed when and if any defenses, counterclaims and/or third party claims are asserted in a pleading in the case, including but not

limited to discovery regarding the lack of a good faith basis for the addition of any parties and/or for any asserted counterclaims and/or third party claims.

By Defendants:

Patent invalidity, patent unenforceability, inequitable conduct, patent misuse, antitrust violations under § 1 or § 2 of the Sherman Act, RICO violations, unfair competition, unfair trade practices, violations of Consumer Protection Acts and other state laws, breach of warranty, breach of contract, indemnification.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

By Plaintiff:

Plaintiff believes that the assigned eight (8) month discovery period is appropriate. Plaintiff does not anticipate that additional time beyond that allowed by the assigned discovery track and this Court's Patent Local Rules will be needed to conduct discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, except as provided by this Court's Local Patent Rules. Plaintiff does not believe that discovery is necessary or appropriate with respect to Defendants' proposed addition of multiple parties, counterclaims,

or third party claims, which to date have not been pleaded by Defendants.  Plaintiff reserves the right to list additional subjects on which discovery may be needed when and if any defenses, counterclaims and/or third party claims are asserted in a pleading in the case, including but not limited to discovery regarding the lack of a good faith basis for the addition of any parties and/or for any asserted counterclaims and/or third party claims.  Plaintiff does not believe that international discovery is necessary or appropriate in this case.

By Defendants:

The Defendants anticipate that substantial additional time will be needed to conduct discovery and that the Patent Local Rules should not be applied, especially with regards to any time limits, because the case involves many additional parties, many additional counterclaim counts and third party claims, including antitrust violations, unfair competition, RICO violations, breach of warranty, third party indemnifications and other issues.  The Defendants estimate that fact discovery, which is likely to include depositions and possible inspections in the United Kingdom, France and Japan, should extend for a period of at least 24 months. Expert reports and discovery of expert opinions should be concluded in the three months following the period of fact discovery.

**11.    Discovery Limitation:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

By Plaintiff:

This is a patent case, governed by the Local Patent Rules.  Plaintiff objects to Defendants' argument that this case should proceed in any manner except as governed by the Local Patent Rules.

By Defendants:

This case is not primarily a patent case and should not be wholly governed by the Local Patent Rules.  Substantially more time will be necessarily spent on the facts and issues relating to the antitrust violations, unfair competition, RICO violations, breach of warranty and third party indemnifications than will be required for the patent issues.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

By Plaintiff:

(a)     The parties anticipate submitting a proposed Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) and Local Patent Rule 2.2 but will make initial disclosures in accordance with Local Patent Rule 2.1.

(b)     Plaintiff does not believe that any additional orders should be entered under Rule 26(c) or under Rule 16(b) or (c) at this time.

(c)     Plaintiff opposes Defendants' request for expedited document production.  Plaintiff believes that document production in this matter should take place according to the requirements of the Federal Rules of Civil Procedure and the Local Rules, and Plaintiff has not authorized its counsel to make any voluntary disclosures outside this Court's normal discovery procedures.  Plaintiff notes, however, that it has already provided Defendants with copies of the file histories for each of the patents-in-suit as part of its pre-filing attempt to resolve this matter by entering into a licensing agreement with Defendants.  If Defendants file a motion for expedited discovery, Plaintiff will oppose the motion and respond substantively in its opposition.

(d)     Plaintiff also opposes Defendants' request that one principal for each of the Defendants be allowed to review confidential patent license agreements that may be produced during discovery in this matter subject to LR 2.1.  Plaintiff

believes that this request is inconsistent with its contractual confidentiality obligations to its non-party licensees.  Plaintiff reserves the right to address this issue to the Court by motion if the parties are unable to agree on a Stipulated Protective Order having a strict "attorneys' eyes only" provision that excludes the non-attorney principals of the parties from access to documents and information deemed highly confidential and competition sensitive by Plaintiff and/or its non-party licensees.

(e)     Plaintiff opposes Defendants request for an Order scheduling a Markman hearing at any date earlier than provided for under this Court's Local Patent Rules and  states that a Markman hearing should take place according to the schedule established under this Court's Local Patent Rules.

(f)     Plaintiff opposes Defendants request an Order shortening the time period for the exchange of proposed terms under LPR 6.1 and states that the exchange of proposed claim terms under LPR 6.1 should take place according to the schedule established under this Court's Local Patent Rules.

By Defendants:

(a)     The parties anticipate submitting a proposed Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c).  Defendants have already made their initial disclosures on June 30, 2006.

(b)     Defendants request an Order granting express permission from the Court to Robert J. Schneider to examine witnesses and otherwise appear as an advocate in front of a jury in the trial of this matter.

(c)     Defendants believe that settlement discussions will be promoted if the Court orders Catch Curve to supplement its Initial Disclosures by providing the Defendants with a copy of the License Agreements covering the patents-in-suit for each of the following companies:

3Com Corporation, AT&T Corp., Bazillion, Inc., Boston Technology, Inc., Cable & Wireless USA, Inc., Captaris, Inc. Cisco Systems, Inc., Delrina Corporation, Digital Sound Corporation, FaxNet Corporation, FaxSav, Inc., EasyLink Services, Intervoice, Inc., j2 Global Communications, Inc., MCI Telecommunications Corporation, Mitel Corporation, NetCentric Corporation, Northern Telecom, Inc., Omtool, Ltd., Open Port Technology, Inc., Premier Technologies, Inc. and Premiere Communications, Inc., SmarTalk Teleservices, Inc., Sprint Communications, Inc., VoiceCom Systems, Inc., Xpedite Systems, Inc., Biscom, Inc., ESKER, Inc., and any other license agreements.  Defendants request that this order specify that one principal of each defendant may review these agreements with counsel.

(d)      Defendants request an Order admitting Robert J. Schneider pro hac vice.

(e)      Defendants request an Order scheduling a <u>Markman</u> hearing for December 10, 2006 to determine the scope of the claims of the patents-in-suit that the Plaintiff contends are infringed by the Defendants in its disclosure of infringement contentions.

**13.      Settlement Potential:**

**(a)      Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 13, 2006.**

**For plaintiff: Lead counsel (signature):**

<u>s/Dan R. Gresham</u>
Dan R. Gresham

**Other participants for plaintiff:  None**

**For defendant: Lead counsel (signature):**

<u>s/Gregory J. Digel</u>
Gregory J. Digel

**Other participants for defendant:    Robert J. Schneider**

**(b)      All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(___) A possibility of settlement before discovery.

( D ) A possibility of settlement after discovery.

( P ) A possibility of settlement, but a conference with the judge is needed.

( ) No possibility of settlement.

By Plaintiff:

In view of the fundamental differences in the parties' respective views of the nature and scope of the case, as reflected in the Plaintiff's and Defendants' respective portions of this Joint Preliminary Report and Discovery Plan, Plaintiff believes that an early settlement conference with the Court would be beneficial if attended by both the parties and their counsel so that the parties could discuss their respective settlement perspectives with the Court's expert guidance to see if they can bridge their differences and reach a mutually acceptable resolution of their dispute.

By Defendants:

The Defendants do not request a scheduling conference at this time. If the Court decides to schedule a conference with the current parties and their counsel, principals from each of the parties identified in Section 5 above should also be required to attend in order to permit all the issues to be resolved.

**(c)    The parties plan to hold additional settlement conferences. The date of the next settlement conference has not yet been scheduled.**

**(d)     The following specific problems have created a hindrance to settlement of this case.**

By Plaintiff:

Fundamental differences in the parties' respective views of the nature and scope of the case, as set forth in the Plaintiff's and Defendants' respective portions of this Joint Preliminary Report and Discovery Plan.

By Defendants:

Disagreement on patent validity and enforceability, indemnification, treble damages, antitrust and RICO Violations, the need for a license and the amounts paid by former licensees.

**14.     Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)     The parties (___) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day of _____, 2006.

(b)     The parties (_ X _) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted, this 3rd day of August, 2006.


| | |
|---|---|
| s/ Dan R. Gresham | s/ Gregory J. Digel |
| Scott A. Horstemeyer | Gregory J. Digel |
| Georgia State Bar No. 367836 | Georgia Bar No. 221750 |
| Dan R. Gresham | |
| Georgia State Bar No. 310280 | |
| **Thomas, Kayden, Horstemeyer & Risley, L.L.P.** | **Holland & Knight LLP** |
| 100 Galleria Parkway | 2000 One Atlantic Center |
| Suite 1750 | 1201 West Peachtree Street, N.E. |
| Atlanta, Georgia 30339 | Atlanta, Georgia  30309 |
| (770) 933-9500; (770) 951-0933 (Fax) | (404) 817-8500; (404) 881-0470 (Fax) |
| Attorneys for Plaintiff | Attorneys for Defendants |


\*       \*       \*       \*       \*

## **<u>SCHEDULING ORDER</u>**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:


IT IS SO ORDERED, this _____ day of _____, 2006.


_____
Clarence Cooper
United States District Judge
Northern District of Georgia


# 3947550_v1